# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**AILEEN GONZALEZ,**
    **Plaintiff,**

v.                                    **CASE NO.:** 8:21-cv-1675

**FRONTIER AIRLINES, INC.,**
    **Defendant.**
_____/

## **COMPLAINT FOR DAMAGES**

Plaintiff AILEEN GONZALEZ, files this Complaint against the Defendant, FRONTIER AIRLINES, INC., and alleges:

1. This Court has original jurisdiction pursuant to 28 U.S.C. § 1331, since this matter involves a violation by Defendant, FRONTIER AIRLINES, INC. of 49 U.S.C.§41702, Interstate Air Transportation. Jurisdiction is also under 28 U.S.C. § 1332.

2. Venue is proper pursuant 28 U.S. Code § 1391, in that Plaintiff, AILEEN GONZALEZ, is a resident of Hillsborough County, Florida; her roundtrip FRONTIER airflight was purchased and originated in Tampa, Florida; Defendant, FRONTIER AIRLINES, INC. has sufficient contacts at Tampa International Airport, the origin and final destination airport; and events alleged herein arose out of flying to this district and very near to this

district as the place of the destination airport and the original airport in the round trip flight.

3. Defendant, FRONTIER AIRLINES, INC ["FRONTIER"], is a foreign corporation, with its main corporate office located in Denver, Colorado, doing business in Tampa, Florida at the Tampa International Airport, and as a licensed air carrier of passengers has a common law duty to exercise reasonable care for its passengers and a duty to "provide safe and adequate interstate air transportation" under 49 U.S.C.§41702, Interstate Air Transportation.

4. Plaintiff, AILEEN GONZALEZ, purchased a round trip ticket from FRONTIER to fly from Tampa to Las Vegas and back to Tampa.

5. On October 12, 2019, the Plaintiff, AILEEN GONZALEZ, a resident of Hillsborough County, Florida, was a passenger on FRONTIER, Flight Number F9 2098, returning home to Tampa, bound for Tampa International Airport from Las Vegas. The plane had departed late because a passenger, RICHARD JAMES BERRIOS, was delayed in boarding due to his mental instability caused by unknown natural reasons, drugs, or alcohol, and wildly seeing things which did not exist.

6. Rather than forbid this passenger, BERRIOS, the right to board under its exclusive statutory obligation to provide a safe flight for its

passengers by prohibiting this unstable and dangerous passenger from boarding, FRONTIER negligently, carelessly, and as a result of its gross negligence and violation of its statutory duty under 49 U.S.C. §41702, permitted BERRIOS to board, while other passengers noted he was shaking and sweating and looking very strange and unstable. BERRIOS was then directed by FRONTIER to sit in the row directly in front of AILEENE GONZLEZ while he continued to act unstable. The FRONTIER crew negligently, carelessly, and also as a result of their gross negligence and violation of the statutory duty under 49 U.S.C. §41702, did not closely monitor BERRIOS during the flight, did not secure his seating with someone to closely watch him, but let him sit with passengers.

7. The plane departed Las Vegas, Nevada, and soon thereafter AILEEN GONZALEZ fell asleep. During the flight, BERRIOS continued to act bizarre and unstable according to other passengers without any control over him by the crew.

8. Approximately, as the plane was descending to the Tampa International Airport, while AILEEN GONZALEZ was sound asleep, the passenger, Defendant, BERRIOS, believing she had set his hair on fire, turned around and began punching and slapping AILEEN GONZALEZ directly in the face and eye as he continued to be mentally unstable.

9. The passenger, BERRIOS, was then stopped first by a passenger sitting next to him and then by the onboard federal Marshall or flight crew, who finally escorted him to the back of the plane.

10. Upon landing, BERRIOS, was then arrested, handed over to the FBI in Tampa, Florida and subsequently prosecuted.

11. Upon landing in Tampa, Florida, the Plaintiff was taken by EMS to the local hospital.

12. As a result of the preventable and unprovoked attack by BERRIOS, and the negligence, carelessness, gross negligence, and statutory violation of 49 U.S.C.§41702 of FRONTIER, Plaintiff suffered physical and emotional pain and suffering, in addition to humiliation, embarrassment while on board for the duration of the flight and has incurred medical expenses, both past and future.

13. Plaintiff, through her counsel, notified FRONTIER of her claim and FRONTIER has completely ignored this claim and its responsibility to the Plaintiff for her injuries and its outrageous conduct in permitting an unstable and violent passenger, BERRIOS, to board the subject flight and protect her while on the flight.

14. As a result of FRONTIER 's negligence, gross negligence, and violation of 49 U.S.C.§41702, which is also a violation of 49 U.S.C. §41712,

Plaintiff has been forced to retain the undersigned counsel, has, and will incur attorney fees in bringing this action, and is thus entitled to attorney fees under the ACAA, 49 U.S.C. §41712.

WHEREFORE, the Plaintiff, AILEEN GONZALEZ, respectfully requests judgment in her favor and against the Defendant, FRONTIER AIRLINE, INC., for compensatory and punitive damages, together with costs, medical expenses past and future, attorney fees and other relief deemed appropriate by the court and demands trial by jury.

)

<span style="margin-left: 50%">s/ Kennan G. Dandar<br>
KENNAN G. DANDAR, ESQ.<br>
FBN: 289698<br>
Dandar & Dandar, P.A.<br>
Post Office Box 24597<br>
PH: 813-289-3858<br>
FAX: 813-287-0895<br>
EM:KGD@DandarLaw.net;<br>
(CT.DESIG.) EF.KGD@DandarLaw.net<br>
TMD@DandarLaw.net (Email/Ct Desig)<br>
**Attorneys for Plaintiff**</span>