IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
CASE NO.: 8:21-cv-01675-WFJ-TGW

AILEEN GONZALEZ,
    Plaintiff,

v.

FRONTIER AIRLINES, INC.,
    Defendant.
_____/

## FIRST AMENDED COMPLAINT FOR DAMAGES

Plaintiff AILEEN GONZALEZ, files her First Amended Complaint against the Defendant, FRONTIER AIRLINES, INC., and alleges:

### JURISDICTION AND VENUE

1. This Court has original jurisdiction pursuant to 28 U.S.C. § 1331, since this matter involves a violation by Defendant, FRONTIER AIRLINES, INC. of 49 U.S.C.§41702, Interstate Air Transportation Act and the Federal Aviation Act, 9 U.S.C. Sec. 1511. Jurisdiction is also under 28 U.S.C. § 1332, diversity jurisdiction and damages exceed $75,000 for common law negligence.

2. Venue is proper pursuant 28 U.S. Code § 1391, in that Plaintiff, AILEEN GONZALEZ, is a resident of Hillsborough County, Florida; her roundtrip FRONTIER airflight was purchased, originated, and ended in Tampa, Florida; Defendant, FRONTIER AIRLINES, INC. has sufficient contacts at Tampa International Airport, the origin and final destination airport; and events alleged herein arose out of flying to this district and very near to this district as the place of the destination airport and the original airport in the round-trip flight.

3. Defendant, FRONTIER AIRLINES, INC ["FRONTIER"], is a foreign corporation, with its main corporate office located in Denver, Colorado, doing business in Tampa, Florida at the Tampa International Airport, and as a licensed air carrier of passengers has a common law duty to exercise reasonable care for its passengers and a duty to provide "safe and adequate interstate air transportation" under 49 U.S.C.§41702, Interstate Air Transportation.

4. At all times material herein, under state and federal law, Defendant owed a duty to the passengers aboard FRONTIER and, in particular, to AILEEN GONZALEZ, to exercise the highest degree of care to prevent injury of any kind. FRONTIER, a Common Carrier, owes its

passengers a duty of utmost care and the vigilance of a very cautious person. Common carriers are responsible for any, even the slightest, negligence and are required to do all that human care, vigilance, and foresight reasonably can do under the circumstances.

## FACTS

5. Plaintiff, AILEEN GONZALEZ, purchased a round trip ticket from FRONTIER to fly from Tampa to Las Vegas and back to Tampa.

6. On October 12, 2019, the Plaintiff, AILEEN GONZALEZ, a resident of Hillsborough County, Florida, was a paying passenger on FRONTIER, Flight Number F9 2098, returning home to Tampa, bound for Tampa International Airport from Las Vegas. As was known to FRONTIER, the plane departed late from Las Vegas because a passenger, RJB, was delayed in boarding by FRONTIER due to his mental instability caused by unknown natural reasons, or drugs, or alcohol, and wildly seeing things which did not exist.

7. With knowledge of RJB's mental instability, rather than forbid this passenger the right to board under its exclusive statutory and common law obligation to provide a safe flight for its passengers by prohibiting this unstable and dangerous passenger from boarding,

FRONTIER negligently, carelessly, and as a result of its gross negligence permitted RJB to board, while Plaintiff and other passengers noted he was shaking and sweating and looking very strange and unstable.

8. Once onboard the flight, due to its beach of duty and the lack of ordinary care of FRONTIER, RJB was then directed by FRONTIER to sit in the row directly in front of AILEENE GONZLEZ while he continued to act unstable. The threat of injury to others was foreseeable by the flight crew, yet they placed RJB unsecured in the middle seat with other passengers with a high degree of likely injuries to others.

9. The plane departed Las Vegas, Nevada, and soon thereafter AILEEN GONZALEZ fell asleep. During the flight, RJB continued to act bizarre and unstable according to other passengers, which placed the crew on further notice of likelihood of injury to others without any control over him by the crew.

10. Approximately, as the plane was descending over Florida to the Tampa International Airport, while AILEEN GONZALEZ was sound asleep, the mentally unstable passenger, RJB, believing Plaintiff had set his hair on fire, turned around and began punching and slapping

AILEEN GONZALEZ directly in the face and eye as he continued to be mentally unstable.

11. The passenger, RJB, was then stopped first by a passenger sitting next to him and then finally by the onboard federal Marshall or flight crew, who then escorted him to the back of the plane to sit securely while the Marshall or crew member kept him secure.

12. Upon landing, RJB, was then arrested, handed over to the FBI in Tampa, Florida and subsequently prosecuted.

13. Upon landing in Tampa, Florida, the Plaintiff was taken by EMS to the local hospital.

14. As a result of the preventable and unprovoked attack by RJB, caused by the lack of ordinary care, negligence, and gross negligence of FRONTIER, Plaintiff suffered physical and emotional pain and suffering, in addition to humiliation, embarrassment while on board for the duration of the flight and has incurred medical expenses, both past and future.

15. Plaintiff, through her counsel, notified FRONTIER of her claim and FRONTIER has completely ignored this claim and its responsibility to the Plaintiff for her injuries and its outrageous conduct

in permitting an unstable and violent passenger, RJB, to board the subject flight and protect her while on the flight by placing RJB is a secure seat.

## COUNT-I

16. Plaintiff realleges paragraphs 1-15 above.

17. This is a Florida common law negligence action.

18. At all times material herein, FRONTIER owed a duty to the passengers, such as the Plaintiff, to exercise the highest degree of care to prevent injury of any kind. The rule is well established in Florida that, where a thing is under the management of the defendant or its servants and the accident is such as in the ordinary course of events does not happen if those who have the management use proper care, it affords reasonable evidence under the res ipsa loquitur doctrine, in the absence of a sufficient explanation by the defendant, that the accident arose from the want of due care.

19. The injuries received by AILEEN GONZALEZ on October 12, 2019, were a direct and proximate result of the negligence of FRONTIER, by breaching its duty of care owed to its passenger, AILEEN GONZALEZ, including, but not limited to the following:

    a.    Permitting a mentally unstable passenger, RJB, to board the flight, even though it was on notice of his mental instability before boarding, which caused the flight to take-off late;

    b.    Permitting the mentally unstable passenger, RJB, to sit directly in front of the Plaintiff, without being secured to prevent him from reaching out to passengers, such as the Plaintiff;

    c.    Permitting the mentally unstable passenger, RJB, to sit directly in front of the Plaintiff, without being secured by having a crew member or Federal Marshall sit next to him as to prevent him from reaching out to passengers, such as the Plaintiff;

    d.    Not properly training its flight crew and warning the flight crew as to the potential hazards involved concerning letting mentally unstable persons to board flights, such as RJB, and once boarded, how to prevent the mentally unstable passenger, such as RJB, from harming others onboard;

    e.    Failing to exercise the required degree of care in securing the safety of GONZALEZ and prevent injury to her from a mentally unstable passenger; and

f.  Failing or refusing to warn the passengers on the above referenced flight, and specifically GONZALEZ, of the known dangers and/or failed to protect GONZALEZ from the known risks and by failing to take precautionary measures concerning this mentally unstable passenger.

20. As a result of FRONTIER'S negligence and breach of its duty of care, AILEEN GONZALEZ was injured and incurred medical expenses as alleged above in Paraph 14.

## COUNT-II

21. Plaintiff realleges paragraphs 1 -20 above.

22. At all times material herein, FRONTIER had a high duty to its passengers, such as the Plaintiff, to provide a safe and secure flight without the probability of physical injury pursuant to the Air Transportation Act, including 49 U.S.C.§41702, et seq., and the Federal Aviation Act, 9 U.S.C. Sec. 1511, et seq.

23. As a result of its lack of ordinary care, negligence, and gross negligence as alleged above, FRONTIER violated its statutory duties under the Interstate Air Transportation Act 49 U.S.C. §41702, et seq., and

the Federal Aviation Act, 9 U.S.C. Sec. 1511, et seq., resulting in physical injuries to Plaintiff as alleged in paragraph 14 above.

24. As a result of FRONTIER 's negligence, gross negligence, and violation of 49 U.S.C.§41702, and violation of 49 U.S.C. §41712, Plaintiff has been forced to retain the undersigned counsel, has, and will incur attorney fees.

WHEREFORE, as to Count I and Count II, the Plaintiff, AILEEN GONZALEZ, respectfully requests judgment in her favor and against the Defendant, FRONTIER AIRLINE, INC., for compensatory and punitive damages, together with costs, medical expenses past and future, attorney fees and other relief deemed appropriate by the court.

## DEMAND FOR TRIAL BY JURY

Plaintiff, AILEEN GONZALEZ, demands trial by jury.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 13, 2021, I electronically filed the foregoing document with the Clerk of the Court CM/ECF. I also certify that the foregoing document is being served this day on opposing counsel: Daniel

Buchholz at **Daniel.buchholz@hklaw.com**; and Brandon Faulkner at **brandon.faulkner@hklaw.com**.

        **/s/ Kennan G. Dandar, Esq.**
KENNAN G. DANDAR, ESQ.
FBN: 289698
TIMOTHY M. DANDAR, ESQ.
FBN: 86750
Dandar & Dandar, P.A.
Post Office Box 24597
Tampa, FL 33623
PH: 813-289-3858
FAX: 813-287-0895
EM:KGD@DandarLaw.net;
EM: TMD@DandarLaw.net;
(Ct. Desig.) EF.KGD@DandarLaw.net
(Ct. Desig.): TMD@DandarLaw.net;

**Attorneys for Plaintiff**